IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERNEST BENJAMIN** : | |
| Petitioner, : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO.  07-2168 |
| **JAMES T. WYNDER; DISTRICT** : | |
| **ATTORNEY FOR PHILADELPHIA** : | |
| **COUNTY; THE ATTORNEY GENERAL** : | |
| **OF THE STATE OF PENNSYLVANIA** : | |
| Respondents. : | |
| : | |

## ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 25th day of January, 2008, upon careful and independent consideration of the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells dated July 17, 2007 and the Objections to Report and Recommendation of Magistrate Judge, **IT IS ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells dated July 17, 2007, as modified by the attached Memorandum, is **APPROVED** and **ADOPTED**;

2. Petitioner's Objections to Report and Recommendation of Magistrate Judge are **OVERRULED** for the reasons set forth in the Report and Recommendation and the attached Memorandum;

3. The Petition for Writ of Habeas Corpus filed by Ernest Benjamin pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** as time-barred; and,

4. A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

## MEMORANDUM

**I. INTRODUCTION**

The Court adopts the Report and Recommendation of the Magistrate Judge with respect to the statute of limitations issue and writes to address petitioner's objection to the application of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) statute of limitations to his claim of actual innocence. (Pet'r's Objections 2-4.) With respect to this argument, although petitioner claims "actual innocence," (Id. at 4), a reading of that objection and the Petition leads the Court to conclude that he is talking about legal innocence, not actual innocence. Moreover, more than ten years passed between the expiration of the AEDPA statute of limitations and the filing of the instant petition. In light of this delay, which petitioner has not justified, and without deciding whether the AEDPA statute of limitations may be equitably tolled based on a claim of actual innocence, the Court concludes that petitioner is not entitled to equitable tolling of the AEDPA statute of limitations because he has failed to exercise reasonable diligence in pursuing his claims.

The Court also writes to provide context to its prior decision granting defendant's Motion to Dismiss petitioner's *pro se* Action for Declaratory Judgment Act Declaring Any Evidence Commonwealth Obtained as a Result of Warrantless Search and Seizure Unconstitutional (the "Declaratory Judgment Motion"). Benjamin v. Abraham, Civ. No. 06-5561, 2007 WL 839546 (E.D. Pa. March 15, 2007). Like petitioner's Declaratory Judgment Motion, the instant habeas

petition is based on petitioner's argument that the state trial court improperly admitted a confession that was the fruit of an unlawful entrance into petitioner's home and his illegal arrest. (Pet. 5.)

A detailed factual history of this case is set forth in this Court's opinion of March 15, 2007 granting the Motion to Dismiss petitioner's Declaratory Judgment Motion.  Benjamin, 2007 WL 839546, at *1-3.  Magistrate Judge Wells's Report and Recommendation also provides factual background.  The Court will not recite the factual and procedural history in this Memorandum, as it is not necessary to explain its ruling.

## II. PETITIONER'S OBJECTION THAT THE AEDPA STATUTE OF LIMITATIONS IS INAPPLICABLE BECAUSE HE CLAIMS ACTUAL INNOCENCE

Petitioner argues that the AEDPA statute of limitations should not apply in this case which involves "a first federal habeas petition seeking consideration of defaulted claims based on a showing that without the state court error pertaining to his Fourth Amendment protection he would be actual innocence of charged offenses."  (Pet'r's Objections 4.)  For the reasons set forth below, the Court concludes that petitioner is not entitled to equitable tolling of the AEDPA statute of limitations, and that his petition is therefore time-barred pursuant to 28 U.S.C. § 2244(d)(1).

### A. Petitioner Has Not Presented Evidence of Actual Innocence

Petitioner refers to "actual innocence" in arguing that he would not have been convicted but-for admission at trial of evidence obtained in violation of his constitutional rights.  Petitioner states that "without the state court's error [in admitting illegal evidence], the state would have not been able to sufficiently obtain a conviction . . . ." (Pet'r's Objections 3.)

"To establish actual innocence, [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (citing Schlup v. Delo, 513 U.S. 298, 327-28 (1995)) (internal quotations marks omitted). "All of the evidence" includes "that alleged to have been illegally admitted (but with due regard to any unreliability of it)." Kuhlmann v. Wilson, 477 U.S. 436, 454 n.17 (1986) (citation omitted).

The Supreme Court has explained, in describing the showing of actual innocence necessary to overcome a procedural default in the habeas context, that "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623-24 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). Establishing that a conviction rests on improperly admitted evidence does not prove actual innocence, where "the alleged constitutional error neither precluded the development of true facts nor resulted in the admission of false ones." Smith v. Murray, 477 U.S. 527, 538 (1986). The general rule is that "[t]o be credible [a claim of actual innocence] must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (citing Schlup, 513 U.S. at 324) (internal quotation marks omitted); United States v. Davies, 394 F.3d 182, 191 (3d Cir. 2005) (citing Sweger v. Chesney, 294 F.3d 506, 523 (3d Cir. 2002)) ("New reliable evidence is almost always required to establish actual innocence.").

In arguing that the jury's verdict depended on illegally obtained evidence, petitioner confuses the concepts of actual innocence and legal innocence. Petitioner has presented no new evidence casting doubt on whether he committed the offense of conviction. Furthermore, while petitioner has challenged the methods by which evidence used against him was obtained, he has

not demonstrated that the evidence itself was unreliable or misleading.  Thus, petitioner has made no showing of actual innocence.

### B.  Petitioner Is Not Entitled to Equitable Tolling of the AEDPA Statute of Limitations

The Third Circuit has held that the AEDPA one-year statute of limitations is subject to the doctrine of equitable tolling.  See Miller v. New Jersey Dep't. of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  District courts may only toll the limitations period, however, "when the principle of equity would make the rigid application of a limitation period unfair."  Id. at 618 (citation omitted).  The two general requirements for equitable tolling are: "(1) that 'the petitioner has in some extraordinary way been prevented from asserting his or her rights;' and (2) that the petitioner has shown that 'he or she exercised reasonable diligence in investigating and bringing [the] claims.'"  Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003) (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)).

The Third Circuit has not yet ruled on whether actual innocence may warrant equitable tolling of the AEDPA statute of limitations.  See Horning v. Lavan, 197 Fed. App'x 90, 93 (3d Cir. 2006) (citing United States v. Davies, 394 F.3d 182, 191 n.8 (3d Cir. 2005)) (stating, in an unpublished opinion,[1] "we have yet to hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence" and that Davies "expressly reserv[ed] the question").  Several circuit courts have, however, held that evidence of actual innocence equitably tolls the AEDPA statute of limitations.  See Souter v. Jones, 395 F.3d 577, 599 (6th Cir. 2005); Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004); Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000); but see David v.

---

[1]  This unpublished opinion has no precedential value under § 5.7 of the Internal Operating Procedures of the Third Circuit, but the Court finds it instructive.

Hall, 318 F.3d 343, 347 (1st Cir. 2003) (holding that assertion of an actual innocence claim does not override the AEDPA statute of limitations).

In addressing the question whether a showing of actual innocence provides a basis for tolling the AEDPA statute of limitations, the Third Circuit noted that "[e]quitable tolling necessarily entails a showing that there is a basis to invoke equity." Horning, 197 Fed. App'x at 93. The Horning court went on to state that "a habeas petitioner [seeking equitable tolling in an actual innocence case] must show that he or she exercised reasonable diligence in investigating and bringing the claims." Id. (citing Miller, 145 F.3d at 618-19) (internal quotation marks omitted). Continuing, the court held that "even assuming that this court were to permit equitable tolling of the AEDPA statute of limitations when a viable claim of actual innocence has been presented, Horning's claim would nevertheless fail because he did not exercise reasonable diligence in pursuing his actual innocence claim." Id. at 94.

The issue of actual innocence was not averred in the habeas petition or presented to the Magistrate Judge. While the Magistrate Judge did not address the issue of actual innocence in her Report and Recommendation, she did address the issue of equitable tolling generally. The Magistrate Judge concluded that petitioner had not shown any interference by the state with his timely assertion of his rights, nor had he demonstrated the exercise of reasonable diligence on his own part sufficient to excuse the delay of more than ten years between the expiration of the AEDPA statute of limitations and the filing of the instant petition. Without deciding whether the AEDPA statute of limitations may be equitably tolled based on a claim of actual innocence, the Court agrees with the Magistrate Judge's reasoning, and concludes that under the facts of this case in which petitioner asserts a claim of actual innocence, petitioner's lack of reasonable diligence bars any right to equitable tolling of the AEDPA statute of limitations.

**III. DEFENDANT'S DECLARATORY JUDGMENT MOTION**

On January 22, 2007, petitioner filed a *pro se* Declaratory Judgment Motion raising two grounds for relief.  First, petitioner sought a declaration that his constitutional rights under the Fourth and Fourteenth Amendments were violated by: (a) the warrantless containment of petitioner in his home by police outside the home; (b) the warrantless seizure of petitioner in his living room; (c) the warrantless search of petitioner's home; (d) the arrest of petitioner without probable cause; (e) the admission at trial of petitioner's confession, which was the product of an illegal search, seizure and arrest; and (f) the admission at trial of petitioner's involuntary confession.  Benjamin, 2007 WL 839546, at *3.  Second, petitioner sought a declaration that the Court of Common Pleas lacked subject matter jurisdiction over petitioner's criminal prosecution.  Id., at *7.

The Court granted defendant's Motion to Dismiss the *pro se* Declaratory Judgment Motion on two grounds.  First, the Court concluded that all of petitioner's constitutional claims were barred by the Rooker-Feldman doctrine, as petitioner had "actually litigated" all of the claims in state court.  Id.  Because the Court found that the Rooker-Feldman doctrine barred it from exercising jurisdiction over petitioner's constitutional claims, it did not address the merits of petitioner's arguments.  Second, the Court rejected petitioner's claim that the Pennsylvania Court of Common Pleas lacked subject matter jurisdiction over his criminal prosecution as wholly without merit because the Pennsylvania Courts of Common Pleas are courts of general subject matter jurisdiction.  Id.  Petitioner does not challenge the jurisdiction of the Pennsylvania Court of Common Pleas in the instant petition.

## IV. CONCLUSION

For all of the foregoing reasons, petitioner's Objections to the Report and Recommendation of the Magistrate Judge dated July 24, 2007 are overruled. The Report and Recommendation of United States Magistrate Carol Sandra Moore Wells dated July 17, 2007 is approved and adopted as modified by this Memorandum. The Petition for Writ of Habeas Corpus is dismissed with prejudice without an evidentiary hearing as untimely under 28 U.S.C. § 2244(d)(1). A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. §2253(c)(2).

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**